Julia Hughes Jones Auditor of State 230 State Capitol Little Rock, AR 72201
Dear Ms. Jones:
This is in response to your opinion request for a definition of the standard of care due the Arkansas Public Employees Retirement System by its trustees under Ark. Stat. Ann. 12-3307.11 (1985 Cum. Supp.). Stated differently, you have asked whether there is a legal distinction between an institutional investor and a prudent investor. Some background information is necessary to properly address your question.
Before Ark. Stat. Ann. 12-3307.11 (Repl. 1979) was amended, the trustees of Public Employees Retirement System (PERS) were held to the prudent man rule which stated as follows:
 In acquiring, investing, re-investing, exchanging, retaining, selling and managing property held by each of the respective retirement systems each party serving in a fiduciary capacity shall exercise the judgment and care under the circumstances then prevailing which informed men of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital. (Emphasis supplied.)
Later amendments changed the standard to the prudent investor rule which is contained in the 1985 Cumulative Supplement to Volume 2A and provides as follows:
 The prudent investor rule, as interpreted and defined by the Federal Employee Retirement Income Security Act (ERISA) of 1974, as amended, and regulations promulgated pursuant thereto, shall be applied by each party serving in a fiduciary capacity for the respective retirement systems. The prudent investor rule means that in making investments the fiduciaries shall exercise the judgment and care, under the circumstances then prevailing, which an institutional investor of ordinary prudence, discretion, and intelligence exercises in the management of large investments entrusted to it, not in regard to speculation but in regard to the permanent disposition of funds, considering probable safety of capital as well as probable income. (Emphasis supplied.)
Surprisingly though, ERISA does not contain the definition for an institutional investor but only requires adherence to the prudent man standard of care which is defined at 29 U.S.C. § 1104(a)(1)(B) as follows:
 . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
Thus, this Office understands your question to be whether the reference in the amended Ark. Stat. Ann. 12-3307.11 (1985 Cum. Supp.) to institutional investor requires a higher standard than the prudent investor rule initially referred to in the state act and later in the federal act (ERISA).
The answer to your question lies in a proper reading of Ark. Stat. Ann. 12-3307.11 (1985 Cum. Supp.). Reference to the first sentence clearly indicates that the standard for PERS trustees is the prudent investor rule. Unfortunately, however, the statute continues by attempting to define the prudent investor rule in terms of the standard of care that an institutional investor would be held to. Inasmuch as this Office has not been able to find any definition of institutional investor, the practical conclusion must be drawn that the reference to institutional investor was to elaborate on the standard to which the courts have used in applying the prudent investor rule under the federal ERISA. In other words, it is the prudent investor rule as applied by the courts in scrutinizing fiduciary duties under ERISA and not an inexistent institutional rule which must be adhered to be PERS trustees.
For direction in this regard we direct your attention to Donovan v. Walton, 609 F. Supp. 1221 (D.C. Fla. 1985). In that case the district court points out that in measuring decisions against the "prudence" rule of 404(a)(1)(B) that,
The analysis considers the trustees' conduct and not the success or failure of the investment. Donovan v. Cunningham, 716 F.2d 1455,1467 (5th Cir. 183). (Footnote omitted.) As the language of 404(a)(1)(B) makes clear, the "prudence" standard is flexible:
 the adequacy of a fiduciary's investigation is to be evaluated in light of the "character and aims" of the particular type of plan he serves.
Hence in response to your question then, it is the opinion of this Office that under the facts as you have presented them the casual reference to institutional investor in the state act appears to be nothing more than an elaboration of the prudent man rule enunciated in ERISA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.